IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01485-WDM-PAC

ARISTA RECORDS, et al.,

      Plaintiff(s),

v.

MARK YOFFIE,

      Defendant(s).

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Patricia A. Coan, United States Magistrate Judge

      Plaintiffs filed their complaint for copyright infringement on July 20, 2004. Their claims arise out of defendant's alleged making and distributing copyrighted sound recordings. *See* Complaint. Defendant, *pro se*, filed his answer on September 3, 2004, in which he admitted purchasing a service that would allow him to download music. *See* Answer, ¶2[1]. In further response to the complaint, defendant contends that he stopped downloading all music when he learned that the service he purchased was not authorized. *See id.*, ¶3.

---

[1] Plaintiffs paraphrase defendant's answer, stating that defendant admitted he downloaded copyrighted music to his computer. *See* November 5, 2004 Motion for Sanctions, ¶2.

04-WM-1485 (PAC)
August 12, 2005

## I.

A September 7, 2004 General Order of Reference referred this matter to the undersigned magistrate judge for pretrial case management.   I set the matter for a scheduling conference on October 25, 2004.  *See* September 21, 2004 Order Setting Scheduling/Planning conference.  According to plaintiffs, defendant did not cooperate with plaintiffs' counsel for purposes of a Rule 16(f) meeting and the preparation of a scheduling order.  Defendant also did not appear for the scheduling conference.  *See* October 25, 2004 Minutes.

On November 5, 2004, plaintiffs filed their motion for sanctions under Rule 16(f). Fed. R. Civ. P., to which defendant did not respond, although ordered to do so. *See* November 9, 2004 Minute Order.  A hearing on plaintiffs' motion for sanctions was set for December 9, 2004.  Defendant Yoffie again did not appear.  *See* December 9, 2004 Minutes.  On December 9, 2004, I had advised plaintiffs' counsel that I would recommend that their motion for sanctions be granted along with reasonable costs and attorney fees.  *Id.*  On December 13, 2004, plaintiffs filed an Application for Entry of Default Judgment by the Court; Declaration of Timothy M. Reynolds in Support Thereof ("App."), which the court treated as a motion for default judgment, and which was also referred to the undersigned for recommended

2

04-WM-1485 (PAC)
August 12, 2005

disposition.

On December 16, 2004, I recommended that defendant be sanctioned as provided in Rules 16(f) and 37(b), Fed. R. Civ. P. by the entry of default judgment against him and that plaintiffs be paid their reasonable attorney fees for defendant's failure to act in good faith to draft a scheduling order; for his failure to respond to plaintiffs' counsel's phone calls so that a scheduling order could be completed; and for his failure to appear at the October 25, 2004 scheduling conference. *See* December 16, 2004 Recommendation of United States Magistrate Judge ("Recommendation") at 2-5. I further recommended that the matter be remanded to me for a determination of the amount of attorney fees due plaintiffs' counsel under Rule 16(f) and for the amount of damages to be awarded plaintiffs upon the entry of default judgment against defendant. *See id.* at 5. No objections to the Recommendation were filed.

On May 19, 2005 (Order entered May 20, 2005), the District Judge upheld the Recommendation and remanded the matter to me for a determination of the amount of reasonable attorney fees that should be awarded plaintiffs as Rule 16(f) sanctions and for a determination of the amount of damages in accordance with plaintiff's application for entry of default. *See* May 20, 2005 Order on Recommendation of

3

04-WM-1485 (PAC)
August 12, 2005

Magistrate Judge at 2. The same Order referred dispositive motions to me for recommendation on disposition. *See id.*

I set a status conference, *see* May 27, 2005 Minute Order, for the purpose of setting a hearing on the amount of attorney fees under Rule 16(f) and on the default judgment amount. A copy of the status conference-setting minute order was sent to defendant at his last known address of 3009 Bellerive Dr., St. Louis, Missouri, 63121, and has not been returned to the court. Defendant did not appear for the June 6, 2005 status conference and did not provide the court with a telephone number where he could be reached. On June 6, 2005, plaintiffs' counsel stated he did not require a hearing and would stand on his previous submissions for the amounts remanded for recommendation.

## II.

### A. Rules 16(f) and 37(b) attorney fees

The recommended sanctions of default judgment and Rule 16(f) attorney fees have been upheld by the District Judge, so the first issue is whether plaintiffs' claim for $1743.75 in costs including reasonable attorney fees for the Rule 16(f) violations should be awarded.

"The most useful starting point for determining the amount of a reasonable fee

04-WM-1485 (PAC)
August 12, 2005

is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Beard* v. *Teska*, 31 F.3d 942, 955 (10th Cir. 1994)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case v. Unified School Dist.*, 157 F.3d 1243, 1256 (10th Cir. 1998)(quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)(overruled on other grounds, *Pennsylvania v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987)). "[A] district judge may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir.1994) (internal citation omitted).

The prevailing market rate  would be the rates charged by attorneys with similar skill and experience in the Denver-Boulder metropolitan area.  No information was presented to me, however, which would establish, by affidavit of similarly situated attorneys or by any expert testimony, that the hourly rates claimed for each person who worked on this case were reasonable; instead Mr. Reynolds averred that "to the best of [his] knowledge, information, and belief, these rates are consistent with the

5

04-WM-1485 (PAC)
August 12, 2005

rates charged by other attorneys of like experience in Denver for matters of this type."
*See* Declaration of Timothy Reynolds, at 19, ¶8.a.

Based on my years of experience as a magistrate judge and my involvement with various claims for attorney fees and costs and the reasonableness of hourly rates, I recommend finding that Mr. Gabriel's rate of $305 an hour as a partner with seventeen years in practice and extensive experience in commercial and intellectual property litigation partner in a large Denver firm is reasonable.  I recommend finding that Mr. Reynolds' rate of $225 an hour is somewhat excessive for a five year associate in commercial litigation, who apparently does not have a speciality area or significant experience in intellectual property litigation.  Accordingly, I recommend finding $175 an hour to be the maximum reasonable hourly rate for Mr. Reynolds. Finally, Mr. Reynolds contends that Kathy Taylor, a paralegal with "extensive litigation experience" charges $150 an hour as a reasonable hourly rate.  That rate is too high without my knowing more details about Ms. Taylor's experience, and exactly what work she did with respect to the sanctions issues.  I recommend finding that no more than $75 an hour is a reasonable rate for Ms. Taylor.

My second consideration is the reasonableness of the time spent in trying to obtain the defendant's cooperation for preparation of the scheduling order,

04-WM-1485 (PAC)
August 12, 2005

researching, drafting, reviewing and finalizing the motion for sanctions, and appearing

for the scheduling conference and the December 9, 2004 hearing on the sanctions

motion.  With respect to the amount of time claimed, the party seeking attorneys' fees

bears the burden of "prov[ing] and establish[ing] the reasonableness of each dollar,

each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th

Cir.1986).  I am required to consider the reasonableness of the amounts sought,

avoiding overstaffing, over researching, and determining that the fees and costs

should be only those that reasonably relate to actions taken through the court system.

*White* v. *General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990).

To satisfy their burden, counsel seeking fees must keep contemporaneous

and detailed records of their time. Although a lawyer "is not required to record in great

detail how each minute of his time was expended," *Hensley*, 461 U.S. at 437 n. 12,

the billing record does have to explain how the hours worked were "allotted to specific

tasks--for example, how many hours were spent researching, how many interviewing

the client, how many drafting the complaint, and so on." *Ramos*, 713 F.2d at 553.

Counsel for the party claiming the fees has the burden of proving hours to the district

court by submitting meticulous, contemporaneous time records that reveal, for each

lawyer for whom fees are sought, all hours for which compensation is requested and

04-WM-1485 (PAC)
August 12, 2005

how those hours were allotted to specific tasks. *See id.* A district court is justified in

reducing the reasonable number of hours if the attorney's time records are "sloppy

and imprecise" and fail to document adequately how he or she utilized large blocks of

time. *Jane L. v. Bangerter*, 61 F.3d 1505 (10th Cir. 1995)(as cited in *Case*, 157 F.3d at

1250).  Indeed, a court may deny the award of fees altogether in the absence of

contemporaneous time records.  *Anderson v. Secretary of Heath and Human*

*Services*, 80 F.3d 1500, 1506 (10th Cir. 1996)(internal citation omitted)

      For their claim for sanctions in the form of attorney fees under Rule 16(f),

plaintiffs argue that costs and attorney fees are "at least $ 1575." *See* Motion for

Sanctions, ¶17.  Plaintiffs later claimed $1,743.75.  *See* 12-13-05 Application, at 15.

There is, however, no affidavit or time record or billing statement for the Court to

consider.  Moreover, defendant has not been given the opportunity to review and

object to a fee affidavit, a contemporaneous time record, or a billing record.  In

December of 2004, I recommended that defendant should be given an opportunity to

specifically object to an affidavit of fees.  *See* December 16, 2004 Recommendation

at 4.  I continue to recommend that defendant be given that opportunity before a

specific amount of fees or costs are awarded in connection with the granting of

plaintiffs' motion for sanctions.  I therefore recommend that plaintiffs' counsel file an

04-WM-1485 (PAC)
August 12, 2005

affidavit with contemporaneous time records, reconstructed records, or detailed

statements for the court's review to determine whether the hours spent were

reasonable, and whether they justify plaintiffs' request for $1575 to $1743.75 in

sanctions under Rules 16(f) and 37(d), Fed. R. Civ. P.

### B. Amount of default judgment

The Court has ruled that default judgment against defendant will enter. *See*

May 20, 2005 Order at 2.

First, I note that the court has personal jurisdiction over defendant because

he appeared in this action by filing his answer and did not raise the defense of lack of

personal jurisdiction. When a party has appeared or responded, Federal Rule of Civil

Procedure 12(h)(1) provides that objections to personal jurisdiction must be raised in

a party's first responsive pleading or by motion before the responsive pleading. *See*

*also United States v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1314

(10th Cir.1994) (court has personal jurisdiction of a defaulted defendant when

defendant responded in the action and failed to raise the defense of lack of personal

jurisdiction).

Subject matter jurisdiction may be established by the court's finding as true,

plaintiffs' allegations that defendant is an individual residing in this District and that

04-WM-1485 (PAC)
August 12, 2005

the complained-of infringement actions also occurred here.  *See* Complaint ¶10, 14.

Second, plaintiffs aver that defendant is not an infant or incompetent person and is not in military service, *see* App., Reynolds Declaration ¶¶5,6, and I note there is no evidence to the contrary.

Defendant was given notice of the relief requested because it was set forth in the Complaint, which he answered, and in plaintiffs' December 13, 2005 Application and Reynolds Declaration, and in my December 16, 2004 Recommendation, to which no objections were filed, and finally, in the Court's May 20, 2005 Order.  Defendant has been given notice of the scheduling conference, the sanctions hearing and the status conference and declined to appear.

Third, because the court has determined that defendant will be found to be in default, the factual allegations of plaintiff's complaint, except those relating to the amount of damages, will be taken as true. *See* 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 444 (2d ed. 1983); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990).  Accordingly, I recommend that the court accept as true the allegations of plaintiffs' complaint regarding defendant's conduct in infringing plaintiffs' copyrights, the number of infringements, plaintiffs' entitlement to statutory damages and the allegation regarding the need for a permanent injunction.  *See*

10

04-WM-1485 (PAC)
August 12, 2005

Complaint, ¶¶12-14, 16-17.

Fourth, I am to consider the recommended amount for the default judgment.

May 20, 2005 Order at 2.  The court is limited in its discretion to fashion an

appropriate award as part of a default judgment by Rule 54(c), Fed. R. Civ.P.  Rule

54(c) provides: "A judgment by default shall not be different in kind from or exceed in

amount that prayed for in the demand for judgment. Except as to a party against

whom a judgment is entered by default, every final judgment shall grant the relief to

which the party in whose favor it is rendered is entitled, even if the party has not

demanded such relief in the party's pleadings."

Plaintiffs here asked for an injunction against further infringement including

plaintiffs' future sound recordings, the destruction of all sound recordings made or

downloaded or transferred onto "any physical medium or device in Defendant's

possession, custody or control"; for statutory damages, for plaintiffs' costs and

reasonable attorney fees; and, for any other relief "the court may deem just and

proper." *See* Complaint, Prayer, ¶¶1-5.

Fed.R.Civ.P. 55(b) provides that "the court may conduct such hearings or order

such references as it deems necessary" in order to "determine the amount of

damages" when a default judgment is entered.  Plaintiffs declined a hearing on Rule

11

04-WM-1485 (PAC)
August 12, 2005

55(b) damages, choosing to stand on their previous submissions.  Defendant never

appeared.  *See* June 6, 2005 Minutes.  A court may enter a default judgment without a

hearing if the amount claimed is a liquidated sum or one capable of mathematical

calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983)(internal citation

omitted); *see also, Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002)(no

hearing necessary, even where greater than minimum amount of statutory damages

awarded). .

　　　The Copyright Act provides for an award of statutory damages against a

copyright infringer, in a sum of not less than $750 and not more than $30,000, for all

infringements with respect to any one work in lieu of actual damages and lost profits.

*See* 17 U.S.C. §504(a) and (c)(1).[2]  Even for "uninjurious and unprofitable invasions of

---

[2]17 U.S.C. §504 provides:
(a) In General.--Except as otherwise provided by this title, an infringer of copyright is liable for
either--
(1) the copyright owner's actual damages and any additional profits of the infringer, as
provided by subsection (b); or statutory damages, as provided by subsection (c).

§504(c) states:

Except as provided by clause (2) of this subsection, the copyright owner may elect, at any
time before final judgment is rendered, to recover, instead of actual damages and profits, an
award of statutory damages for all infringements involved in the action, with respect to any
one work, for which any one infringer is liable individually, or for which any two or more
infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000
as the court considers just. For the purposes of this subsection, all the parts of a compilation
or derivative work constitute one work.

04-WM-1485 (PAC)
August 12, 2005

copyright, the court may, if it deems it just, impose a liability within statutory limits to

sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts,*

*Inc.*, 344 U.S. 228, 233 (1952).

In this case, the Complaint, with Exhibit A, alleges nine instances of

infringement. Complaint, ¶¶12-14, Ex. A, Prayer for relief; *see also* December 13, 2005

Application at 5.   Because plaintiffs are asking only for the statutory minimum, I

recommend finding that the $750 statutory minimum is easily multiplied by the nine

infringement instances listed in Exhibit A to the Complaint, for a recommended

statutory damages amount of $6,750, a sum capable of mathematical calculation.

Next, plaintiffs ask for a permanent injunction.   A permanent injunction may be

entered as part of default judgment. *See, e.g., Sony Music Entm't, Inc. v. Global Arts*

*Productions, et al.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999)(entry of permanent

injunction against copyright infringement on default.)   Under the Copyright Act, a court

may grant permanent or temporary injunctions to prevent continued infringement of a

copyright. *See* 17 U.S.C. § 502(a); *Pacific and S. Co., Inc. v. Duncan*, 744 F.2d 1490,

1499 n. 17 (11th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1004 (1985).   "While a matter of

discretion, permanent injunctions are typically granted when both a past infringement

and a continuing threat of infringement are shown." *Big Tree Enterprises, Ltd. v.*

13

04-WM-1485 (PAC)
August 12, 2005

*Mabrey*, No. 93-4024-SAC, 1994 WL 191996, at *8 (D. Kan. April 15, 1994), aff'd, 45

F.3d 439 (10th Cir. 1994) (Table).

Here, plaintiffs alleged that defendant's conduct is causing and will continue to

cause plaintiffs great and irreparable injury that cannot fully be compensated or

measured in money. *See* Complaint ¶17. Plaintiffs ask for injunctive relief to prohibit

further infringement, *id.*, and Complaint, Prayer; an injunction against future

infringement including future recordings; and, an order that defendant destroy all the

sound recording copies he has made. *Id.*

An injunction may be granted as part of a default judgment without requiring

plaintiffs to prove irreparable harm. *See Sony Music Entm't Inc.*, 45 F. Supp. 2d at

1347 ("The only difference in the elements needed for the granting of a permanent, as

opposed to a preliminary, injunction is the need to show success on the merits, not

merely likelihood of success. . .Consequently Plaintiffs in this case need not show

irreparable harm, as the default against Defendants satisfies the element of success

on the merits.")

Because the allegations of the Complaint are accepted as true upon default

judgment, I recommend finding that an injunction, including a future injunction, and

destruction of the copied recordings, are appropriate and would prevent the filing of

04-WM-1485 (PAC)
August 12, 2005

additional lawsuits against this defendant.  *See e.g., Sony Music Entertainment, Inc.*

*v. Elias*, 2004 WL 141959, *5 (C.D. Ca. 2004) (to promote judicial economy and to

prevent similar actions in the future, this injunction issued against Defendant will

apply not only to existing works but also to works created in the future by Plaintiffs and

Plaintiffs' affiliates.); *Princeton University Press v. Michigan Document Service, Inc.*,

99 F.3d 1381, 1392-93 (6th Cir. 1996), cert. denied, 520 US 1156 (1997)("The weight

of authority supports the extension of injunctive relief to future works").  I recommend

that a permanent injunction be imposed in the language set forth in paragraph 1 of

plaintiffs' prayer for relief in their Complaint.

Fifth, the Copyright Act provides for the recovery of "full costs".  Copyright Act, 17

U.S.C. §505.[3]  A court in its discretion may award costs and attorney fees to the party

prevailing on a copyright claim.  *See id.*  Costs including attorney fees may be

awarded on a default judgment.  *See A&N Music Corp. v. Venezia*, 733 F. Supp. 955,

959 (E.D. Pa. 1990)(awarding costs and attorney fees on default judgment in

copyright infringement action).  " 'There is no precise rule or formula for making these

---

[3] Section 505 states:

In any civil action under this title, the court in its discretion may allow the recovery of full
costs by or against any party other than the United States or an officer thereof.  Except as
otherwise provided by this title, the court may also award a reasonable attorney's fee to the
prevailing party as part of the costs.

15

determinations,' but instead equitable discretion should be exercised." *Fogerty v.*

*Fantasy*, 510 U.S. 517, 534 (1994) (quoting *Hensley*, 461 U.S. at 436-437)).  The

*Fogerty* Court noted several nonexclusive considerations to guide district courts in

exercising their discretion under Section 505, including: "frivolousness, motivation,

objective unreasonableness (both in the factual and in the legal components of the

case) and the need in particular circumstances to advance considerations of

compensation and deterrence." *See Fogerty*, 510 U.S. at 535 n. 19 (internal citation

omitted).

Here, compensation for plaintiffs' counsel and a deterrent effect on defendant

are the primary considerations.  An award of a reasonable amount of attorney fees is

appropriate both to compensate plaintiffs and to deter defendant from similar

behavior in the future.

Plaintiffs claim 2.75 hours for Mr. Gabriel's time for reviewing pleadings,

correspondence and motions and conferring with plaintiffs, 11.75 hours for Mr.

Reynolds's time for drafting correspondence, pleadings and motions, performing

legal research, attending hearings and conferring with plaintiffs and with defendant,

and 2. 25 hours of Ms. Taylor's time for preparing drafts, filing pleadings and motions

and organizing service of process on defendant.  *See* App., Declaration of Timothy

04-WM-1485 (PAC)
August 12, 2005

Reynolds ¶8.c.[4]   Defendant did not file a response.  Defendant also did not file any

objections to my December 16, 2004 Recommendation.

I have reviewed the fee requests and the file in this matter, using the same

standards set forth in Section II.A. of this Recommendation.  I reach the same

conclusion as I did in that section concerning $305, $175 and $75 as the reasonable

hourly rates for Messrs. Gabriel and Reynolds and Ms. Taylor, respectively.

Excluding the time spent on the Rule 16(f) Motion for Sanctions and events and

pleadings relating to that motion, the file reflects that there was a 16 minute status

conference, when defendant did not appear.  A complaint and an answer were filed; a

fifteen page Application for Default Judgment, which contained a significant amount of

legal authority was filed, along with a declaration concerning attorney fees.

It is impossible to ascertain from the declaration what time was spent on which

task, or which attorney or paralegal did what, but if plaintiffs' counsel excluded the

time and pleadings relating to the Rule 16(f) sanctions, a total of 16.75 hours to draft

the Complaint, organize service on defendant, perform legal research and draft a

fifteen page Application for default judgment with a declaration, although somewhat

more than would be expected, nonetheless appears to be within the range of

---

[4]   The foregoing requests for attorney fees were exclusive of the amounts sought for Rules 16(f) and 37(d), Fed. R.Civ.P. sanctions.  *See id.*

17

04-WM-1485 (PAC)
August 12, 2005

reasonable time for two pleadings and one brief hearing.  Accordingly, I recommend

that Mr. Gabriel's 2.75 hours at a reasonable hourly rate of $305, or $838.75; 2.25

hours for Ms. Taylor at $75 an hour or $168.75 and 11.75 hours for Mr. Reynolds at

$175 an hour or $2056.25, and therefore, a total of $3063.75 is a reasonable amount

that should be awarded for attorney fees.

### III.

For the reasons stated, it is

**RECOMMENDED** that the court find that a reasonable hourly rate for Mr. Gabriel

is $305; a reasonable hourly rate for Mr. Reynolds is $175; and, a reasonable hourly

rate for Ms. Taylor is $75.  It is further

**RECOMMENDED** that plaintiffs' counsel be ordered to file a detailed affidavit of

attorney fees and costs with contemporaneous time records for the attorney fees and

costs claimed for the Rule 16(f) and Rule 37(d) sanctions within 10 days of the

District Judge's ruling on the within Recommendation and then remanded to the

undersigned for a response from defendant and for further consideration.  It is further

**RECOMMENDED** that the court accept as true the allegations of plaintiffs'

complaint regarding defendant's conduct in infringing plaintiffs' copyrights, the

number of infringements, plaintiffs' entitlement to statutory damages and the

18

04-WM-1485 (PAC)
August 12, 2005

allegation regarding the need for a permanent injunction.  It is further

**RECOMMENDED** that default judgment against defendant enter as follows:

1) in the amount of $6,750 for nine instances of infringement;

2) including a permanent injunction against defendant as expressly set forth in paragraph 1 of the prayer of plaintiffs' complaint;

3) reimbursement to plaintiffs for their costs in the amount of $250 for the filing fee and service of process;

4) reimbursement to plaintiffs for $3,063.75  in attorney fees; and

5) that the **total default judgment** amount entered be **$10,063.75**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.        Failure to**

04-WM-1485 (PAC)
August 12, 2005

**make timely objections to the magistrate judge's recommendation may result in a**

**waiver of the right to appeal from a judgment of the district court based on the**

**findings and recommendations of the magistrate judge.**

Dated this 12th day of August, 2005.

BY THE COURT:

s/Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge